## In re ADAMS.

(District Court, E. D. Michigan, S. D.    September 15, 1899.)

BANKRUPTCY—LIENS—UNRECORDED MORTGAGE.

A mortgage made more than four months before the filing of a petition in bankruptcy against the mortgagor is not annulled by his adjudication thereon, although it was not recorded until within a month of the bankruptcy proceedings. But where the law of the state provides that such a mortgage shall not be valid as against any persons who became creditors of the mortgagor during the time between the execution and the recording of the mortgage, either by a new credit or the extension of a pre-existing indebtedness, the same rule will be applied in the bankruptcy proceedings.

In Bankruptcy. On certificate of Harlow P. Davock, referee.

The following is the opinion and finding of the referee certified for review on the trustee's petition:

Petition by the trustee in bankruptcy of Yates A. Adams for an order declaring a certain chattel mortgage to be null and void, as against himself and the creditors of the estate whom he represented. It appeared that Adams, the bankrupt, gave a chattel mortgage, on December 17, 1897, to the National Bank of Battle Creek, to secure an existing indebtedness and also future advances to be made to said Adams. The mortgage was not recorded until November 23, 1898. In December, 1898, proceedings in involuntary bankruptcy were instituted against Adams by certain of his creditors, and he was adjudged bankrupt, January 11, 1899. His trustee, when appointed, resisted the claims of the bank under the chattel mortgage, and asked for an order adjudging it void by reason of the delay in recording it. It was admitted by the bank that, under the laws of the state (How. Ann. St. Mich. §§ 6190, 6191, 6193), the mortgage would be invalid as against any persons who became creditors of

the mortgagor during the time which elapsed between the execution of the mortgage and the filing of the same for record. Upon a hearing before the referee in bankruptcy, it was ruled that the petition of the trustee must be denied, and that the mortgage was invalid only as against those creditors of the bankrupt who became such between December 17, 1897, and November 23, 1898, either by the creation of a new credit or by the extension of an old indebtedness which existed on or before December 17, 1897. In the opinion delivered by the referee it was said: "The petitioners contend that the matter of recording is the main question in this case, and cite the cases of Harvey v. Crane, Fed. Cas. No. 6,178; In re Corn Exchange Bank, Fed. Cas. No. 3,242; In re Dyke, Fed. Cas. No. 4,227. Under sections 23a and 23b of the bankruptcy act of 1898, where it is provided that the United States circuit courts shall have jurisdiction only of certain cases, providing that suits by a trustee in bankruptcy shall be brought or prosecuted only in those courts where the bankrupt might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, it has been decided in the case of Burnett v. Mercantile Co. (D. C.) 91 Fed. 365, that the court of bankruptcy has no jurisdiction of an action by such trustee to set aside an alleged fraudulent conveyance made by the bankrupt to a defendant who is a citizen of the same state with the bankrupt and the trustee. On the other hand, it has been decided that the United States courts are not devested of this jurisdiction in suit brought by the trustee to set aside fraudulent transfers of the bankrupt; citing Carter v. Hobbs, 1 Nat. Bankr. News, 191, 92 Fed. 594 (Baker, J.); In re Sievers, 1 Nat. Bankr. News. 68, 91 Fed. 366 (Adams, J.). Under the bankruptcy law of 1867, it has been decided that a mortgage executed more than four months before bankruptcy proceedings, given to secure advances already made, as well as advances to be made, is valid against the assignee of the bankrupt mortgagor. Schulze v. Bolting, Fed. Cas. No. 12,439; Douglass v. Vogeler, 6 Fed. 53; Potter v. Coggeshall, Fed. Cas. No. 11,322. A mortgage given long before the commencement of bankruptcy proceedings, but not recorded until less than two months prior thereto, was held not to be fraudulent on account of failure to be recorded. Curry v. McCauley (C. C.) 20 Fed. 583. Under the state law, the mortgage was and is void against the creditors who became such between the making and filing, or extended credit on old indebtedness during that time. Warner v. Littlefield, 89 Mich. 329, 50 N. W. 721; Baker v. Parkhurst (Mich.) 78 N. W. 643; Brown v. Brabb, 67 Mich. 17, 34 N. W. 403. As to the trustee being a purchaser in good faith: This is covered by Brown v. Brabb, supra; Gibson v. Warden, 14 Wall. 244; Stewart v. Platt, 101 U. S. 731. In the recent decision in Re Brown (D. C.) 91 Fed. 358, it has been decided that, under Bankr. Act 1898, §§ 67–70, since a petition in involuntary bankruptcy could not be filed until the expiration of four months from the passage of the act, transfers and liens affected by an adjudication in bankruptcy are such only as were made or obtained four months prior to the filing of the petition. No transfer of property, lien, or incumbrance is avoided by an adjudication in involuntary bankruptcy, unless made or created subsequent to the passage of the act. I therefore find that the petition of the trustee should be denied, and the mortgage held void, only as to the creditors of the bankrupt who became such intermediate between December 17, 1897, and November 23, 1898, by a new credit, or by extension of old indebtedness which existed on or prior to December 17, 1897. As to the points raised by the petitioning trustee as to determining the standing of the various creditors, this is a matter of bookkeeping and mathematics, which can be adjusted by the trustee with the facts as presented to him.

Andrew W. Lockton, for trustee in bankruptcy.
Hulbert & Mechem, for mortgage creditor.

SWAN, District Judge. The question of jurisdiction having been practically waived by the submission of the cause upon the merits and without objection by the defendant, and the facts being undisputed, the only inquiry which remains is as to ruling of the referee holding valid the chattel mortgage to the National Bank of Battle

Creek as against creditors of the bankrupt who neither gave nor extended credit while that mortgage was withheld from record. The finding of the referee is approved, and the petition of the trustee is denied.